**UNITED STATES DISTRICT COURT        WESTERN DISTRICT OF WISCONSIN**

Case No. 14-cv-249-WMC

**CMFG LIFE INSURANCE COMPANY,
CUMIS INSURANCE SOCIETY, AND
MEMBERS LIFE INSURANCE COMPANY,**

               Plaintiffs,

v.

**CREDIT SUISSE SECURITIES (USA) LLC,**

               Defendant,

**CREDIT SUISSE SECURITIES (USA) LLC'S REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Pursuant to Federal Rule of Evidence 201, Credit Suisse requests that the Court

take judicial notice of the following documents:

1.    CUNA Mutual Ins. Soc'y & Subsidiaries Consolidated Fin. Statements (Moskowitz Decl. Ex. 2);

2.    The CUNA Mutual Annual Report for 2013 (Moskowitz Decl. Ex. 1);

3.    Credit rating histories for the Certificates at issue in CUNA Mutual's Complaint (Moskowitz Decl. Exs. 12-24);

4.    Remittance reports for the Certificates at issue in CUNA Mutual's Complaint (Moskowitz Decl. Exs. 25-34);

5.    Prospectuses and prospectus supplements for the Securitizations at issue in CUNA Mutual's Complaint (Moskowitz Decl. Exs. 3-5, 7-11); and

6.    Publicly available news media reports, court pleadings and other publicly available documents (Moskowitz Decl. Exs. 6, 39-115).

## ARGUMENT

Federal Rule of Evidence 201 permits the Court to take judicial notice of facts that are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Such notice may be taken "at any stage of the proceeding".  Fed. R. Evid. 201(d).  In particular, district courts may take judicial notice of documents in the public record without converting a motion to dismiss into one for summary judgment.  *See Pugh v. Tribune Co.*, 521 F.3d 686, 691 n.2 (7th Cir. 2008).

*First*, CUNA Mutual's consolidated financial statements and annual report are subject to judicial notice because they were obtained from CUNA Mutual's website and are documents in the public record of which the Court may take judicial notice.  *See id*.

*Second*, the credit rating histories and remittance reports for the Certificates are all publicly available via Bloomberg and the trustee's websites.  *See id*.

*Third*, the publicly available news media reports, court pleadings and other public documents are documents whose existence can be readily confirmed, and they are being offered only to establish that such information existed at the relevant time (not to establish the truth or accuracy of the information contained therein).  *See Tomlinson v. Goldman, Sachs & Co*., 682 F. Supp. 2d 845, 846-47 n.2 (N.D. Ill. 2009) (taking judicial notice of news releases and articles for the purpose of evaluating whether they gave plaintiffs inquiry notice of their claim by the relevant date for statute of limitations purposes), *aff'd sub nom. Premium Plus Partners, L.P. v. Goldman, Sachs & Co*., 648 F.3d 533 (7th Cir. 2011).

*Fourth*, the prospectuses and prospectus supplements are subject to judicial notice because they are incorporated by reference in CUNA Mutual's Complaint and because they were filed with the SEC and are offered only to establish the existence of the disclosures contained therein.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *St. Lucie Cnty. Fire Dist. Firefighters' Pension Trust Fund v. Motorola, Inc.*, No. 10–C–427, 2011 WL 814932, at *1 (N.D. Ill. Feb. 28, 2011) ("The Court may take judicial notice of SEC filings without converting a motion to dismiss to a motion for summary judgment.").

## CONCLUSION

For all the foregoing reasons, Credit Suisse respectfully requests that the Court

take judicial notice of the Exhibits to the Declaration of Lauren A. Moskowitz in Support of

Credit Suisse Securities (USA) LLC's Motion to Dismiss, dated June 16, 2014.

Date:  June 16, 2014

**MURPHY DESMOND S.C.**
Attorneys for Credit Suisse Securities (USA) LLC


By:      /s/ Stephen L. Morgan
Stephen L. Morgan
State Bar No. 1015099
33 East Main Street Suite 500
P.O. Box 2038
Madison, Wisconsin 53701
Telephone: (608) 257-7181
Fax: (608) 257-2508
smorgan@murphydesmond.com

**CRAVATH, SWAINE & MOORE LLP**

Richard W. Clary (*pro hac vice* motion pending)
Julie A. North (*pro hac vice* motion pending)
Richard J. Stark (*pro hac vice* motion pending)
Michael T. Reynolds (*pro hac vice* motion pending)
Lauren A. Moskowitz (*pro hac vice* motion pending)

825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700
rclary@cravath.com
jnorth@cravath.com
rstark@cravath.com
mreynolds@cravath.com
lmoskowitz@cravath.com