IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CMFG LIFE INSURANCE COMPANY, CUMIS INSURANCE SOCIETY, AND MEMBERS LIFE INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> CREDIT SUISSE SECURITIES (USA) LLC, <br><br> Defendant. | Case No. 14-cv-249 |

**RULE 26(f) JOINT REPORT**

On August 19, 2014, counsel for Plaintiffs CMFG Life Insurance Company, CUMIS Insurance Society, and MEMBERS Life Insurance Company ("CUNA Mutual" or Plaintiffs) and counsel for Credit Suisse Securities (USA) LLC ("Credit Suisse" or Defendant) in the above-referenced case met and conferred pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Standing Order Governing Preliminary Pretrial Conferences. Having so met and conferred, the parties submit this Joint Report. Nothing in this Joint Report is intended to create, limit, or waive any rights, privileges (including the attorney-client or any other applicable privilege), or defenses.

As discussed during the meet and confer, Credit Suisse requests that all discovery be stayed pending the Court's ruling on the pending briefing relating to Credit Suisse's motion to dismiss the complaint and CUNA Mutual's motion for leave to amend the complaint. CUNA Mutual does not oppose Credit Suisse's request.

1.      **Information Requested in the Court's Standing Order.**

      **1.1     A concise statement of the nature of the case(s).**

CUNA Mutual seeks to rescind its purchase of certificates in residential mortgage-backed security ("RMBS") offerings underwritten and sold by Credit Suisse. CUNA Mutual alleges that the marketing materials ("offering documents") for these certificates contained material misrepresentations of fact that induced CUNA Mutual to make its purchases, and that Credit Suisse made these misrepresentations intentionally or recklessly. CUNA Mutual also alleges rescission based on mistake. CUNA Mutual also alleges that Credit Suisse was unjustly enriched.

Credit Suisse denies CUNA Mutual's claims and allegations.

CUNA Mutual filed its Complaint on April 3, 2014. Credit Suisse filed a motion to dismiss on June 16, 2014. CUNA Mutual filed a motion for leave to amend its complaint on July 30, 2014, and the parties agreed that CUNA Mutual might file a response to Credit Suisse's motion to dismiss after the Court rules on the pending motion for leave to amend. Credit Suisse's opposition to the motion for leave to amend the complaint is due August 27, 2014, and CUNA Mutual's reply is due September 8, 2014.

      **1.2     The names of any related cases.**

CUNA Mutual previously filed similar claims in this Court against RBS Securities, Inc. (No. 12-cv-00037-wmc). The court entered final judgment in favor of RBS Securities, Inc. in that case on July 28, 2014. Also, CUNA Mutual filed similar actions in this Court against J.P. Morgan Securities LLC, et al. (No. 13-cv-00580-wmc); Morgan Stanley & Co. (No. 13-cv-00577-rtr); Banc of America Securities LLC, et al. (No. 13-cv-00579-wmc); and UBS Securities LLC (No. 13-cv-00576-wmc). The Court entered judgment in favor of J.P. Morgan Securities, Banc of America Securities, and UBS Securities. CUNA Mutual has sought leave to amend its complaint in those cases as well

as in its case against Morgan Stanley. Morgan Stanley has filed its opposition to CUNA Mutual's motion for leave to amend its complaint, and the other opposition briefs are due August 21, 2014.

CUNA Mutual also filed a similar action in this Court against Goldman, Sachs & Co. (No. 3:13-cv-00575-wmc), however, the Court stayed the case and removed it to arbitration before the American Arbitration Association on February 7, 2014.

CUNA Mutual has previously proposed coordination of discovery and scheduling in some of the above Cases; without waiving its future right to request such coordinated discovery should its motions for leave to amend its complaint and subsequent complaint survive dismissal, CUNA Mutual makes no such request at the present time. To the extent that CUNA Mutual in the future revives its request for coordination of discovery across the Cases, Credit Suisse reserves its right to oppose such a request.

**1.3   A specific statement of the material factual and legal issues to be resolved at trial.**

It is Credit Suisse's position that the specific factual and legal issues to be resolved at trial cannot be known until the Court rules on Credit Suisse's pending motion to dismiss. The material factual and legal issues to be resolved, however, may include:

- Whether Credit Suisse made the statements contained in the offering documents that are at issue in this action;

- Whether the statements were ones of fact;

- Whether the statements were material;

- Whether the statements were false;

- Whether CUNA Mutual relied on the statements in purchasing the certificates;

- Whether CUNA Mutual's reliance was justifiable;

- Whether CUNA Mutual's claims are time barred;

- Whether CUNA Mutual is entitled to rescission;

3

- Whether the parties were under a reciprocal mistake as to material fact regarding the alleged purchase contract;

- Whether the parties can be returned to the *status quo ante* via rescission;

- Whether Credit Suisse defrauded CUNA Mutual or acted unconscionably in connection with the transactions at issue;

- Whether Credit Suisse was unjustly enriched;

- The amount, if any, of CUNA Mutual's alleged losses; and

- Whether CUNA Mutual's alleged losses were caused by Credit Suisse's alleged misstatements.

**1.4   A description of any amendments to the pleadings that any party intends to make.**

CUNA Mutual filed a motion requesting leave to amend its complaint in this action on July 30, 2014. Credit Suisse intends to oppose CUNA Mutual's motion for leave to amend. Credit Suisse's opposition to CUNA Mutual's motion for leave to amend is due on August 27, 2014.

**1.5   The identity of any new parties to be added, including an explanation as to why these parties must (or should) be added.**

The parties do not anticipate adding any other parties.

**1.6   The estimated trial length.**

Subject to revision based on the Court's rulings on any pending motions, the parties currently anticipate needing 2-4 weeks of trial in this case.

**1.7   Any other matter affecting the just, speedy, and inexpensive disposition of this case, or which the court should take into account in setting the schedule.**

Should this action not be resolved in its entirety by Credit Suisse's motion to dismiss, this case will take longer than the typical nine-to-twelve month standard schedule in this Court given its complexity and the amount of discovery necessary. Although certain documents may be in the parties' possession, the parties will also need to perform extensive third-party discovery to obtain

documents such as loan files, underwriting guidelines, and servicing records. In similar cases, obtaining these third-party documents has taken 3-6 months.

**2.     Rule 26(f)'s Requirements.**

    **2.1     Timing and form of Rule 26(a)(1) initial disclosures.**

There are no special circumstances that would render initial disclosures inappropriate.

CUNA Mutual proposes that the parties exchange Rule 26(a)(1) initial disclosures within 30 days after the parties' preliminary pretrial conference.

Credit Suisse proposes that the parties exchange Rule 26(a)(1) initial disclosures within 30 days after the Court rules on Credit Suisse's motion to dismiss, if the Court's ruling does not resolve this action in its entirety.

CUNA Mutual asserts that it cannot begin requesting third-party loan files, which are essential to the expert re-underwriting process, until it receives loan tapes and schedules which are in the possession of Defendant. Thus, at or before the time for initial disclosures, Plaintiffs request that Defendant produce the most current loan schedules, final loan tapes (including supporting loan group data), and all underwriting guidelines and loan files in their possession, custody, or control, which pertain to the RMBS offerings at issue. These loan tapes and schedules should, at a minimum, provide individual identifying information for each loan in the loan pools backing each relevant RMBS, as well as identify the originator and servicer of each loan.

Credit Suisse disagrees that the above information should be included as part of initial disclosures. Credit Suisse is willing to meet and confer with CUNA Mutual about prioritizing the production of loan tapes and schedules and underwriting guidelines in the event that CUNA Mutual's claims survive Credit Suisse's motion to dismiss. Credit Suisse cannot produce information that contains non-party borrower information, which is subject to protection under federal and state laws, until an agreed-upon protective order has been entered in the case.

**2.2    The subjects, phases, and timing of discovery.**

The issues that will be the subject of discovery cannot be known until the Court rules on Credit Suisse's pending motion to dismiss. Such issues, however, may include discovery as to all of issues that the parties listed in section 1.3 above as issues that may need to be resolved at trial, as well as any other issues left unresolved by the Court's ruling on Credit Suisse's motion to dismiss.

Plaintiffs propose that twelve months of fact discovery should take place following the Court's ruling on Credit Suisse's motion to dismiss, followed by staggered expert discovery periods, dispositive motion briefing schedules, and trial. More details on discovery timing are set forth below in sections 2.5 and 3.1.

Credit Suisse agrees with CUNA Mutual that discovery should take place only following the Court's ruling on Credit Suisse's motion to dismiss, in the event that any of CUNA Mutual's claims survive Credit Suisse's motion to dismiss.

**2.3    Issues about disclosure or discovery of electronically stored information.**

The parties have taken steps to ensure the preservation of their electronically stored information ("ESI") relevant to this lawsuit. The parties will negotiate an ESI protocol within 30 days of the court's ruling on Credit Suisse's motion to dismiss.

**2.4    Issues about claims of privilege or work product.**

Procedures for withholding documents based upon the attorney-client privilege or the work product doctrine and for identifying privileged documents that have been inadvertently produced will be set forth in a proposed protective order to be negotiated between the parties.

**2.5    Scope and limitations on discovery.**

(a) <u>Plaintiffs' Proposal.</u>

Plaintiffs propose the following:

- *Interrogatories and requests for admission*: CUNA Mutual may serve the Defendant with up to 50 interrogatories and 50 requests for admission. Defendant may serve CUNA Mutual with up to 50 interrogatories and 50 requests for admission. Requests for admissions regarding the authenticity of or foundation for documents do not count against the above limits.

- *Document Production*: The parties will issue document requests.

- *Depositions of Plaintiffs' witnesses*: Defendant may take up to 20 fact depositions of current and former employees of CUNA Mutual. CUNA Mutual reserves the right to request that such depositions be coordinated with other RMBS cases, to the extent the same depositions are sought by other defendants. Because one person, Mark Prusha, made the purchases of all of the RMBS at issue in this action, Defendant may depose Mr. Prusha for a total of two non-consecutive seven-hour days. For all other CUNA Mutual witnesses, a presumptive limit of one seven-hour day per deponent applies. Depositions of third-party witnesses and experts, and depositions taken for authentication purposes, will not count towards the 20-deposition limit.

- *Depositions of Defendant's witnesses*: CUNA Mutual may take up to 20 fact depositions of current and former employees of Defendant. The presumptive limit of one seven-hour day per deponent applies, except that one deposition of CUNA Mutual's choosing may be extended to a maximum of two seven-hour days. Depositions of third-party witnesses and experts, and depositions taken for authentication purposes, will not count towards the 20-deposition limit.

- *Rule 30(b)(6) depositions*: Since Mr. Prusha will be both a fact witness and CUNA Mutual's Rule 30(b)(6) witness with respect to the majority, if not all, of Defendant's anticipated 30(b)(6) topics, Defendant must serve its 30(b)(6) notice at least 21 days in advance of Mr. Prusha's dual-capacity deposition. All Rule 30(b)(6) testimony provided by Mr. Prusha must be obtained within the two seven-hour days allotted for Mr. Prusha's deposition. To the extent that Defendant request testimony on any 30(b)(6) topics that Mr. Prusha is not designated to cover, Defendant may have one additional 7-hour day to cover such topics. CUNA Mutual proposes one Rule 30(b)(6) deposition not to exceed a total of two seven-hour days.

- *Expert Discovery*: At the close of fact discovery, the parties should stagger expert discovery periods, as set forth below in section 3.1.

- *Other Discovery Matters*. Plaintiffs reserve the right to seek coordinated discovery or related protocols, including protocols relating to loan file production and analysis as the litigation progresses.

(b) <u>Credit Suisse's Proposal.</u>

Credit Suisse believes it is premature to establish discovery protocols and limits pending the court's ruling on CUNA Mutual's pending motion for leave to amend the complaint and Credit Suisse's pending motion to dismiss the complaint. If the Court believes it beneficial to set limits on discovery at this early stage of the litigation, Credit Suisse submits that the appropriate limits are the presumptive limits set by the Federal Rules of Civil Procedure. Once the pending motions have been resolved, the parties can meet and confer to discuss whether there is any need to exceed those presumptive limitations.

**2.6** **Protective orders.**

The parties anticipate the need for a protective order governing confidential information exchanged in discovery and intend to negotiate and file a proposed protective order with the Court within 30 days of the Court's ruling on Credit Suisse's motion to dismiss.

**2.7** **Electronic copies and service.**

The parties agree that service of all pleadings, correspondence, written discovery requests, and responses to written discovery requests may be made electronically. The parties agree that electronic service shall be complete upon transmission, provided the sender does not receive any indication that such transmission failed. Service of filings may be made through the Court's ECF system. For all other documents, service shall be made to those email addresses for counsel set forth on the Court's electronic docket. The parties agree that Federal Rule of Civil Procedure 6(d) will not apply for purposes of calculating deadlines where service is made electronically.

**3.     The Parties' Proposed Schedule.**

**3.1     Pretrial schedule.**

Defendant proposes setting discovery deadlines from the baseline of the court's ruling on CUNA Mutual's pending motion for leave to amend the complaint and Credit Suisse's motion to dismiss the complaint. Plaintiffs do not object to this proposal.

| Deadline | CUNA Mutual's Proposal | Credit Suisse's Proposal |
|---|---|---|
| Plaintiffs' Proposal: Date for CUNA Mutual to Serve Defendant with Information Relating to Re-Underwriting of Loans<br><br>Credit Suisse's Proposal: Date for CUNA Mutual to Serve Expert Reports on Re-underwriting Issues | CUNA Mutual will provide information identifying any loans to be re-underwritten by its experts 90 days before the close of fact discovery. | CUNA Mutual shall serve any expert report on re-underwriting issues 60 days before service of its other expert report(s). |
| Completion of Fact Discovery | 12 months after the start of fact discovery | Same as CUNA Mutual's proposal. |
| Date(s) for CUNA Mutual to Serve Expert Reports | 30 days after the close of fact discovery | CUNA Mutual shall serve any expert report on non-re-underwriting issues 60 days after the close of fact discovery |
| Date(s) for Credit Suisse to Serve Expert Reports | 60 days after the service of CUNA Mutual's expert reports | 90 days after the service of CUNA Mutual's non-re-underwriting expert reports |

9

| | | |
|---|---|---|
| Date(s) for CUNA Mutual to Serve Rebuttal Expert Reports | 30 days after the service of Credit Suisse's expert reports | Same as CUNA Mutual's proposal |
| Completion of Expert Discovery | 150 days after the close of fact discovery | 60 days after the service of CUNA Mutual's rebuttal expert reports |
| Date(s) for Dispositive Motions | 21 days after the close of expert discovery; oppositions to motions due 30 days later; replies in support due 14 days after oppositions | 45 days after the close of expert discovery; oppositions to motions due 45 days later; replies in support due 30 days after oppositions |
| Date(s) for Exchange of Witness Lists | 60 days before Trial (the parties agree that a party shall have the right to depose, prior to the witness's live testimony at trial, any witness designated by the opposing party to testify at trial who has not previously been deposed in that action) | Same as CUNA Mutual's Proposal |
| Date(s) for Exchange of Exhibit Lists and any other pretrial submissions | 45 days before Trial | Same as CUNA Mutual's Proposal |

### 3.2   Trial dates.

Plaintiffs propose June 2016 as the trial date for this case.  Credit Suisse proposes that the trial date be three months after the resolution of all motions for summary judgment.

10

| | |
|---|---|
| August 21, 2014 | Respectfully submitted, |
| | */s/ Silvija A. Strikis* |
| George A. Zelcs | Silvija A. Strikis (pro hac vice) |
| Korein Tillery, LLC | Scott K. Attaway (pro hac vice) |
| 205 North Michigan, Suite 1950 | Whitney C. Cloud (pro hac vice) |
| Chicago, IL 60601 | Kellogg, Huber, Hansen, Todd, |
| (312) 641-9750 | Evans & Figel, P.L.L.C. |
| gzelcs@koreintillery.com | 1615 M Street, N.W., Suite 400 |
| | Washington, D.C. 20036 |
| Stephen M. Tillery (pro hac vice) | (202) 326-7900 |
| Greg G. Gutzler | sstrikis@khhte.com |
| Richard M. Elias | sattaway@khhte.com |
| Tamara M. Spicer | wcloud@khhte.com |
| Steven M. Berezney | |
| Michael E. Klenov | Peggy A. Lautenschlager |
| John C. Craig | Bauer & Bach, LLC |
| Michael M. Winter (pro hac vice) | 123 East Main Street, Suite 300 |
| Garrett R. Broshuis | Madison, WI 53703 |
| Korein Tillery, LLC | (608) 260-0292 |
| 505 North 7th Street, Suite 3600 | lautenschlager@bauer-bach.com |
| St. Louis, MO 63101 | |
| (314) 241-4844 | *Counsel for Plaintiffs* |
| stillery@koreintillery.com | |
| ggutzler@koreintillery.com | |
| relias@koreintillery.com | |
| tspicer@koreintillery.com | |
| sberezney@koreintillery.com | |
| mklenov@koreintillery.com | |
| jcraig@koreintillery.com | |
| mwinter@koreintillery.com gbroshuis@koreintillery.com | |

| | |
|---|---|
| | */s/ Stephen L. Morgan* |
| Richard W. Clary | Stephen L. Morgan |
| Julie A. North | MURPHY DESMOND S.C. |
| Richard J. Stark | State Bar No. 1015099 |
| Michael T. Reynolds | 33 East Main Street Suite 500 |
| Lauren A. Moskowitz | P.O. Box 2038 |
| CRAVATH, SWAINE & MOORE LLP | Madison, WI 53701-2038 |
| 825 Eighth Avenue | (608) 257-7181 |
| New York, New York 10019 | (608) 257-2508 facsimile |
| Telephone: (212) 474-1000 | smorgan@murphydesmond.com |
| Fax: (212) 474-3700 | |
| rclary@cravath.com | *Counsel for Defendant* |
| jnorth@cravath.com | |
| rstark@cravath.com | |
| mreynolds@cravath.com | |
| lmoskowitz@cravath.com | |