UNITED STATES DISTRICT COURT       WESTERN DISTRICT OF WISCONSIN

Case No. 14-cv-249-WMC

**CMFG LIFE INSURANCE COMPANY,
CUMIS INSURANCE SOCIETY, AND
MEMBERS LIFE INSURANCE COMPANY,**

                Plaintiffs,

v.

**CREDIT SUISSE SECURITIES (USA) LLC,**

                Defendant,

**CREDIT SUISSE SECURITIES (USA) LLC'S RESPONSE TO CUNA'S NOTICE OF SUPPLEMENTAL AUTHORITY**

In its Notice of Supplemental Authority in Support of CUNA Mutual's Motion for Leave to Amend Its Complaint (the "Notice"), CUNA[1] argues that the recent opinion on CUNA's motion to amend in *CMFG Life Insurance Co., et al. v. Morgan Stanley & Co.*, No. 13-C-577 (W.D. Wis. Sep. 12, 2014) ("*Morgan Stanley*"), "appl[ies] equally" to its action against Credit Suisse. (Notice at 2.) CUNA is wrong. Credit Suisse's Opposition raises dispositive arguments that were either not briefed or simply not addressed in *Morgan Stanley*. Furthermore, the procedural posture here differs significantly from the posture in *Morgan Stanley*, and, as a result, the opinion in *Morgan Stanley* rules on questions that Credit Suisse has not had an opportunity to brief. For these reasons, the *Morgan Stanley* opinion does not apply here.

Credit Suisse's Opposition raises at least two arguments that were not addressed in *Morgan Stanley* that would dispose of most or all of the claims in CUNA's Proposed

---

[1] Capitalized terms not otherwise defined herein have the same meaning as in Credit Suisse's Opposition to CUNA's Motion for Leave to Amend Its Complaint (the "Opposition").

Amended Complaint.  *First*, Credit Suisse argues that Wisconsin precedent concerning the economic loss doctrine provides guidance on which statute of limitations applies to CUNA's claim for rescission on the ground of intentional misrepresentation.  (*See* Opp'n at 9-14.)  More specifically, Credit Suisse demonstrates that a claim for intentional misrepresentation arising out of a contractual relationship does not trigger the fraud statute of limitations unless the fraud is "extraneous to", rather than "interwoven with", the contract, which is not the case here.  (*Id.* at 10.)  The *Morgan Stanley* opinion does not address this specific argument.[2]

*Second*, Credit Suisse argues that the Iowa statute of limitations, through the operation of Wisconsin's borrowing statute, bars CUNA's claims for rescission on the ground of intentional misrepresentation concerning 11 Certificates that allegedly were purchased by CMLIC, an entity incorporated and headquartered in Iowa.  (*See* Opp'n at 14-17.)  This argument also was not addressed in *Morgan Stanley*.

Not only does the *Morgan Stanley* opinion not address arguments raised by Credit Suisse, it also rules on issues that Credit Suisse has not yet had an opportunity to brief in this case.  In *Morgan Stanley*, the parties finished briefing on Morgan Stanley's motion to dismiss in January 2014, well before CUNA moved to amend its complaint.  Here, the briefing on Credit Suisse's Motion to Dismiss remains open, with CUNA's opposition and Credit Suisse's reply yet to be filed.  Moreover, unlike the opposition to CUNA's motion to amend in *Morgan Stanley*, Credit Suisse's Opposition here is limited to statute of limitations issues, with Credit Suisse

---

[2] The court in *Morgan Stanley* found that CUNA's claim in that case for rescission on the ground of intentional misrepresentation is not barred by the economic loss doctrine because rescission is a contractual remedy.  *Morgan Stanley* at 3.  But, in erroneously finding that CUNA's claim for intentional misrepresentation should be subject to the fraud statute of limitations, the *Morgan Stanley* court did not address the argument advanced by Credit Suisse in this case—that the six-year limitations period for actions "upon any contract" should apply because the alleged misrepresentations are interwoven with the contract.  Wis. Stat. § 893.43.

reserving its other arguments, to the extent necessary, for a motion to dismiss the amended complaint. Thus, for example, Credit Suisse has not yet addressed whether CUNA's Proposed Amended Complaint pleads fraud with particularity. *See* Fed. R. Civ. P. 9(b).

Finally, Credit Suisse notes that it has not had an opportunity to address the argument raised by CUNA for the first time in CUNA's Reply in Support of Its Motion for Leave to Amend Its Complaint (the "Reply") that CUNA's claim for rescission on the ground of misrepresentation, whether intentional or otherwise, is not barred by any statute of limitations because it seeks the remedy of rescission rather than damages for breach. (*See* Reply at 8.) CUNA clearly waived this argument by not raising it in its opening brief. *See, e.g.*, *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-CV-346-BBC, 2014 WL 4265847 (W.D. Wis. Aug. 28, 2014) ("[I]t is well established that arguments raised for the first time in a reply brief are waived." (citing *Mendez v. Perla Dental*, 646 F.3d 420, 424 (7th Cir. 2011))); *Sunbeam Prods., Inc. v. Homedics, Inc.*, 587 F. Supp. 2d 1055, 1058 (W.D. Wis. 2008) ("[Movant] first raised this issue in its reply brief and arguments raised for the first time in a reply brief are waived." (citation and alterations omitted)). CUNA's invocation of a new argument in its Reply is particularly inappropriate here given that CUNA previously litigated before this Court the question of the limitations period applicable to rescission claims and never raised this argument. *See CMFG Life Ins. Co. v. UBS Sec.*, No. 13-cv-576, 2014 WL 2986472 (W.D. Wis. July 1, 2014).

Moreover, while CUNA's Reply cites *Tyler v. Schoenherr*, No. 2011AP2075, 2012 WL 2847917 (Wis. Ct. App. July 12, 2012), and *Collett v. Richardson*, No. 2013AP40, 2013 WL 3186588 (Wis. Ct. App. June 25, 2013), to support its argument that the contract statute of limitations does not apply to a claim for rescission, these unpublished cases are readily

distinguishable. Both *Tyler* and *Collett* involved facts under which there was "no claim . . . that anyone breached a contract". *Tyler*, 2012 WL 2847917, at *12. For example, the court in *Tyler* explained that a claim for reformation of alleged errors in a deed raised a "mismatch between the general need for a breach of contract to trigger Wis. Stat. § 893.43 and the absence of any apparent breach here". *Id.*; *see also Collett*, 2013 WL 3186588, at *7 (holding that complaint "ask[ing] the court to declare" contract provision unenforceable was not governed by Wis. Stat. § 894.43 "[b]ecause the Colletts' claim is not premised on a breach of the purchase agreement [and therefore] no claim has accrued for purposes of § 893.43"). Here, CUNA alleges that Credit Suisse made promises to CUNA about the quality of the RMBS that it sold to CUNA and failed to deliver on those promises, *i.e.*, Credit Suisse breached its contractual obligations. *See, e.g.*, Prop. Am. Compl. ¶¶ 187, 200 (alleging that term sheet and prospectus supplement for a Securitization described collateral characteristics such as weighted average LTV, number of loans with LTVs above certain thresholds and number of owner-occupied properties); *id.* ¶¶ 345, 348, 351, 359 (comparing alleged descriptions of collateral characteristics to results of purported forensic examination by CUNA that allegedly demonstrated such characteristics were misstated). That is precisely why both the Court and CUNA have previously acknowledged that the type of claim asserted by CUNA here is a "contract claim at its core". *UBS*, 2014 WL 2986472, at *2.

For the foregoing reasons and those described in Credit Suisse's Memorandum of Law in Opposition to CUNA's Motion for Leave to Amend Its Complaint, CUNA's Motion for Leave to Amend Its Complaint should be denied.

Date: September 26, 2014

        **CRAVATH, SWAINE & MOORE LLP**
        Attorneys for Credit Suisse Securities (USA) LLC

By:    /s/ Richard W. Clary
        Richard W. Clary (*pro hac vice*)
        Julie A. North (*pro hac vice*)
        Richard J. Stark (*pro hac vice*)
        Michael T. Reynolds (*pro hac vice*)
        Lauren A. Moskowitz (*pro hac vice*)

        825 Eighth Avenue
        New York, New York 10019
        Telephone: (212) 474-1000
        Fax: (212) 474-3700
        rclary@cravath.com
        jnorth@cravath.com
        rstark@cravath.com
        mreynolds@cravath.com
        lmoskowitz@cravath.com

        **MURPHY DESMOND S.C.**

        Stephen L. Morgan
        State Bar No. 1015099
        33 East Main Street Suite 500
        P.O. Box 2038
        Madison, WI 53701-2038
        (608) 257-7181
        (608) 257-2508 facsimile
        smorgan@murphydesmond.com