| | |
|---|---|
| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF WISCONSIN |

Case No. 14-cv-249-WMC

**CMFG LIFE INSURANCE COMPANY,
CUMIS INSURANCE SOCIETY, AND
MEMBERS LIFE INSURANCE COMPANY,**

          Plaintiffs,

v.

**CREDIT SUISSE SECURITIES (USA) LLC,**

          Defendant.

## CREDIT SUISSE SECURITIES (USA) LLC'S OPPOSITION TO CUNA'S MOTION TO STAY

CUNA moves to stay all proceedings in this action pending the appeal in *CMFG Life Insurance Co. v. RBS Securities, Inc.* ("*RBS*"), No. 12-cv-037-wmc, 2014 WL 3696233 (W.D. Wis. July 23, 2014), *appeal docketed*, No. 14-2904 (7th Cir. Aug. 28, 2014).[1] CUNA's motion should be denied. This Court already has stayed discovery in this action pending decisions on CUNA's motion for leave to amend the complaint (Dkt. No. 24) and Credit Suisse's motion to dismiss the complaint (Dkt. No. 12) (or subsequent motion to dismiss the amended complaint, as appropriate). As a result, all that CUNA's motion seeks to do is delay decisions on dispositive threshold issues raised by the motion for leave to amend and motion to dismiss. These motions raise unique issues that are not presented in the *RBS* appeal. As such, there is no basis for a stay.

---

[1] Capitalized terms not otherwise defined have the same meaning as in Credit Suisse's Opposition to CUNA's Motion for Leave to Amend Its Complaint, Dkt. No. 31.

This Court's consideration of a motion to stay is guided by a balancing test, for which two key factors are "whether a stay will simplify the issues in question and streamline the trial" and "whether a stay will reduce the burden of litigation on the parties and the court". *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010).[2] The party requesting a stay bears the burden of showing that the circumstances justify the court exercising its discretion to stay the litigation. *Id.*

Here, CUNA fails to carry its burden of showing that the circumstances justify a stay. CUNA asserts that the Seventh Circuit's decision in *RBS* will decide legal questions that "bear" on this action and will thereby help "conserve judicial resources". (Dkt. No. 36 at 1-2.) But CUNA does not—because it cannot—argue that the Seventh Circuit's decision will resolve the dispositive threshold legal issues raised by the pending motions. These questions must be decided regardless of the outcome in *RBS*.

In particular, the key question presented by CUNA's fully briefed motion to amend—whether Wisconsin's fraud or contract statute of limitations applies to a rescission claim that involves allegations of intentional misrepresentations interwoven with the contract—will not be addressed by the *RBS* appeal. This question is dispositive of CUNA's proposed intentional misrepresentation claims on 11 of the 13 Certificates at issue for Credit Suisse. If the contract statute of limitations applies, then these claims are time-barred. (*See* Dkt. No. 31 at 7-14.) In *RBS*, Judge Conley ruled that CUNA's rescission claims based on *negligent* and *strict responsibility* misrepresentations were time-barred because the contract statute of limitations applies to such claims, but Judge Conley did not address any rescission claims involving *intentional* misrepresentation claims, other than to deny CUNA's belated attempt to assert such

---

[2] The other factors that this Court considers are the stage of the litigation and whether a stay will unduly prejudice the non-moving party. *See Grice Eng'g*, 691 F. Supp. 2d at 920.

claims. *See RBS*, 2014 WL 3696233, at *36-38. In other words, the key question squarely presented in CUNA's motion to amend is not at issue in the *RBS* appeal. A stay here is thus unlikely to simplify the issues presented in that motion or to reduce any burden on the parties or the Court. *Grice Eng'g*, 691 F. Supp. 2d at 920.

Similarly, Credit Suisse's motion to dismiss raises potentially dispositive arguments that are not at issue in the *RBS* appeal. For example, most of the Certificates at issue in this action were purchased by a CUNA entity that was incorporated and headquartered in Iowa. As a result, Credit Suisse argues in its motion to dismiss (and in its opposition to CUNA's motion to amend) that, through the operation of Wisconsin's borrowing statute, claims concerning these Certificates are subject to, and time-barred by, Iowa's applicable statute of limitations. (Dkt. No. 13 at 18-20; Dkt. No. 31 at 14-17.) These issues are not present in *RBS*. As such, the outcome of the Seventh Circuit appeal is unlikely to simplify the issues presented by Credit Suisse's motion or to reduce any burden on the parties or the Court. *Grice Eng'g*, 691 F. Supp. 2d at 920.

Further, if CUNA is permitted to amend its complaint to include claims of intentional misrepresentation, Credit Suisse intends to move to dismiss the amended complaint on grounds that will not be addressed by the Seventh Circuit in *RBS*. For example, Credit Suisse would move to dismiss the amended complaint on the basis that CUNA's intentional misrepresentation claims are subject to and fail to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement for fraud claims. This is yet another dispositive issue that will not be addressed by the Seventh Circuit's analysis of the summary judgment ruling in *RBS*.

CUNA itself appears to recognize that the Seventh Circuit's decision in *RBS* will not significantly advance this action. A final judgment was entered in *RBS* on July 29, 2014.

(*See* 12-cv-37, Dkt. No. 740.) Since then, in this action, CUNA filed its motion for leave to amend its complaint (*see* Dkt. No. 24), which has now been fully briefed by the parties (*see* Dkt. Nos. 25, 31, 32, 33 and 34); the parties negotiated and drafted a Rule 26(f) joint report (*see* Dkt. No. 29); and a preliminary pretrial conference was held before Magistrate Judge Crocker on August 26, 2014 (*see* Dkt. No. 30). At no point during these proceedings did CUNA mention the possibility of seeking a stay of this action pending the *RBS* appeal. CUNA did not make this motion until October 3, 2014, more than nine weeks after a final judgment was entered in *RBS*. Through the timing of this motion, CUNA already has failed to "conserve judicial resources" or to "save the parties significant time and money". (Dkt. No. 36 at 1.)

    For the foregoing reasons, CUNA's motion to stay should be denied.

Date: October 17, 2014

Respectfully submitted,

**CRAVATH, SWAINE & MOORE LLP**
Attorneys for Credit Suisse Securities (USA) LLC


By: /s/ Richard W. Clary
     Richard W. Clary (*pro hac vice*)
     Julie A. North (*pro hac vice*)
     Richard J. Stark (*pro hac vice*)
     Michael T. Reynolds (*pro hac vice*)
     Lauren A. Moskowitz (*pro hac vice*)

     825 Eighth Avenue
     New York, New York 10019
     Telephone: (212) 474-1000
     Fax: (212) 474-3700
     rclary@cravath.com
     jnorth@cravath.com
     rstark@cravath.com
     mreynolds@cravath.com
     lmoskowitz@cravath.com

**MURPHY DESMOND S.C.**

Stephen L. Morgan
State Bar No. 1015099
33 East Main Street Suite 500
P.O. Box 2038
Madison, WI 53701-2038
(608) 257-7181
(608) 257-2508 facsimile
smorgan@murphydesmond.com