IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CMFG LIFE INSURANCE COMPANY,
CUMIS INSURANCE SOCIETY and
MEMBERS LIFE INSURANCE COMPANY,

                    Plaintiffs,                                    ORDER

         v.
                                                        14-cv-249-wmc

CREDIT SUISSE SECURITIES (USA) LLC,

                    Defendant.

The court held a telephonic hearing today to address the pending motions in this case (dkt. ##57, 61, 70, 76, 78), at which the parties appeared by counsel. Consistent with the rulings during that conference, IT IS ORDERED that:

1) Defendant Credit Suisse Securities (USA) LLC's motion for judicial notice (dkt. #61) is GRANTED insofar as the court takes judicial notice only of the authenticity of the provided documentation.

2) Defendant's motion to dismiss (dkt. #57) is GRANTED IN PART and DENIED IN PART. Defendant's motion is GRANTED as to plaintiffs' (collectively, "CUNA Mutual's") claim against the WFMBS 2006-2 Certificate, in light of the final judgment entered in *General Retirement System of the City of Detroit v. Wells Fargo Mortgage Backed Securities 2006-AR18 Trust* enjoining "each of the Class Members," which included CUNA Mutual, "from pursuing any or all Settled Claims, against any Released Party," which included Credit Suisse. Moreover, "Settled Claims" was defined as "any and all claims

and causes of action of every nature and description . . . that were asserted, could have been asserted, or that arise out of the same transactions or occurrences as the claims that were asserted" in that case, including the sale of WFMBS 2006-2 Certificate.  Defendant's motion is also GRANTED IN PART as to the extent that plaintiffs may not have adequately pleaded claims of abandonment of originator underwriting guidelines as to the three certificates issued from the CSFB 2005-FIX1 Securitization and the two certificates issued from the CSFB 2005-9 Securitization, but only to the extent that any claim of plaintiffs as to those certificates would be similarly limited.   Defendant's motion is DENIED in all other respects.

3) Plaintiffs' motion for leave to file a reply brief in support of their motion to institute a loan file reunderwriting protocol (dkt. #76) is GRANTED.

4) Plaintiff's motion to institute a loan file reunderwriting protocol (dkt. #70) is GRANTED.  If the parties are unable to reach agreement on a stipulated loan file reunderwriting protocol, then they should proceed as follows.   By Thursday, December 22, 2016, plaintiffs shall provide a proposed loan file reunderwriting protocol to defendant, consistent in basic format to that adopted in the *NCUA* litigation, and copy the court on the proposal. Defendant shall respond to plaintiffs' proposal by Wednesday, January 4, 2017, and copy the court on the response.  If either party wants to be heard on the loan file reunderwriting protocol at a telephonic conference that would be scheduled on Friday, January 6, then they should notify the court by 12:00 on

Thursday, January 5, otherwise the court will enter a loan file reunderwriting protocol consistent with the parties' submissions.

5) The parties' joint motion to amend the scheduling order (dkt. #78) is GRANTED IN PART and DENIED IN PART as follows:

| EVENT | AMEDED DEADLINE |
|---|---|
| Disclosure of Affirmative Expert Reports | March 31, 2017 |
| Disclosure of Rebuttal Expert Reports other than for Reunderwriting, Loss Causation and Sampling Experts | May 15, 2017 |
| Disclosure of Rebuttal Expert Reports for Reunderwriting, Loss Causation and Sampling Experts | June 30, 2017 |
| Close of Fact and Expert Discovery | July 31, 2017 |
| Deadline for Filing Dispositive Motions | May 31, 2017 |
| Settlement Letters | August 28, 2017 |
| Pre-trial Disclosures and Motions *in Limine* | September 15, 2017 |
| Trial | October 30, 2017 |

Entered this 16th day of December, 2016.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge