IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CMFG LIFE INSURANCE COMPANY,
CUMIS INSURANCE SOCIETY, and
MEMBERS LIFE INSURANCE COMPANY,

                     Plaintiffs,

   v.

CREDIT SUISSE SECURITIES (USA) LLC,

                     Defendant.

ORDER

14-cv-249-wmc

---

After the court granted in part and denied in part the motion to dismiss of defendant Credit Suisse Securities (USA) LLC ("Credit Suisse"), it filed an answer to plaintiffs' claims for rescission of certain residential mortgage-backed securities on the grounds of unintentional misrepresentation, intentional misrepresentation, unilateral mistake and mutual mistake under the common law of Wisconsin. Before the court is plaintiffs' (collectively, "CUNA Mutual's") motion to strike the fourth, tenth, twelfth and thirteenth defenses asserted in defendant's answer (dkt. #88), which will be denied.

Although generally disfavored, Federal Rule of Civil Procedure Rule 12(f) gives courts the discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Purportedly, in the interest of "streamlin[ing] discovery and preparation for trial," plaintiffs move to strike as "inapplicable and legally invalid" (Pls.' Opening Br. (dkt. #89) at 2) four of the thirty-two "affirmative and other defenses" asserted in defendant's answer:

> [Fourth Defense:] Plaintiffs' claims are barred, in whole or in part, because Credit Suisse at all times acted with reasonable

care and due diligence with respect to the matters alleged in the Complaint to have been misrepresented or misleadingly omitted from the Offering Documents. After reasonable investigation, Credit Suisse had reasonable grounds to believe and did believe that the statements contained in the Offering Documents were true as of the date they were made and that there was no omission to state a material fact required to be stated therein or necessary to make statements therein not misleading.

[Tenth Defense:] Plaintiffs' claims are barred, in whole or in part, because any damage, loss or injury sustained by Plaintiffs was proximately caused or contributed to, in whole or in part, by market conditions and/or the conduct of others, rather than any conduct of Credit Suisse.

[Twelfth Defense:] Plaintiffs' claims are barred, in whole or in part, because, to the extent Plaintiffs have suffered any legally cognizable injury or damages, which Credit Suisse denies, any injury or damages were caused by intervening or superseding events, factors, occurrences, conditions or acts of others, and/or other factors over which Credit Suisse had no control, and not the alleged wrongful conduct on the part of Credit Suisse.

[Thirteenth Defense:] Plaintiffs' claims are barred, in whole or in part, because, to the extent that Plaintiffs incurred any injury or damages, which Credit Suisse denies, any such injury or damages were caused and brought about by the acts, conduct or omissions of individuals and/or entities other than Credit Suisse, and, as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

(Answer to Am. Compl. (dkt. #87) at 124, 126.) Specifically, plaintiffs argue that these defenses should be struck because "[d]ue diligence and lack of loss causation are valid defenses to claims under the [Securities Act of 1933, 15 U.S.C. § 77a *et seq.*], but not to CUNA Mutual's claims for rescission under Wisconsin common law." (Pls.' Opening Br. (dkt. #89) at 1.)

2

As previously mentioned, "motions to strike are disfavored" because of their potential to "serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.3d 1286, 1294 (7th Cir. 1989). This is particularly true for a "motion to strike a defense for insufficiency," which "is appropriate only when the defense is frivolous or clearly presents no bona fide issue of fact or law." *Prudential Ins. Co. of Am. v. Marine Nat'l Exch. Bank*, 55 F.R.D. 436, 438 (E.D. Wis. 1972).

In response to plaintiffs' motion, defendant argues that its due diligence is relevant with respect to: (1) scienter, an element of plaintiffs' intentional misrepresentation and unilateral mistake claims; and (2) the relative fault of the parties, which is material in determining whether plaintiffs are entitled to rescission on the basis of mutual mistake. Similarly, defendant argues that the cause of CUNA Mutual's losses is relevant both because: (1) it may reasonably inform the court's discretion in deciding whether rescission is an appropriate remedy; and (2) plaintiffs infer wrongdoing on defendant's part based in part on the poor performance of the loans.

In reply, plaintiffs dispute that the cause of their losses is relevant, since proximate cause is not an element of their rescission claims. While plaintiffs concede that defendant's due diligence is relevant to assigning fault, they argue that defendant misunderstands the "important distinction between a relevant subject matter and a defense. The former impacts the permissible scope of discovery. The latter, if proven, absolves the defendant of liability." (Pls.' Reply Br. (dkt. #93) at 3 (footnote omitted).)

While sympathetic to any effort to streamline discovery and preparations for trial, the court is decidedly skeptical of the benefit of doing so by cherry-picking four

affirmative defenses out of thirty-two that were plainly pleaded for the purpose of waiving *nothing*. Indeed, plaintiffs' reply essentially concedes that its motion has *nothing* to do with streamlining discovery or preparation for trial, since all of the underlying factual issues will still need to be explored as part of proving intentional misrepresentation and proof of harm. At the same time, defendant essentially concedes that its formal defenses of due diligence and loss causation are ill-fitted, if not legally unavailable, for purposes of responding to plaintiffs' claims.

As a result, plaintiffs' motion to strike amounts to little more than legal argument regarding distinctions between the Securities Act of 1933, under which due diligence and loss causation are available defenses to liability, and the Wisconsin common law of rescission. Plaintiffs' arguments on this issue appear to be well-supported, particularly given the nature of their rescission claims, which will likely require the court to consider a broad scope of evidence -- perhaps including defendant's due diligence and the causes of plaintiffs' losses -- in determining both liability and an appropriate remedy, if any. In the end, plaintiffs have, therefore, presented little reason for the court to exercise its discretion under Rule 12(f) to police the line between "a relevant subject matter and a defense." On the contrary, the motion underscores why motions to strike defenses are particularly disfavored: (1) while raising potentially important legal issues, they will almost certainly be rendered moot since the parties appear to agree neither defense is really in issue; (2) if really disputed, the issues will be better answered on a more fulsome record than is possible at the pleading stage; and (3) the factual underpinnings for these

defenses are duplicative of those that will have to be explored anyway as part of plaintiffs' affirmative claims.  Accordingly, plaintiffs' motion is DENIED.

Entered this 12th day of June, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge